UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSS LEVAY,

        Plaintiff,                  Case No. 17-cv-10517

v.                                          Honorable Thomas L. Ludington

UNITED STATES, et al,

        Defendants.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT**

On February 17, 2017, Plaintiff Ross Levay filed a complaint alleging that the United States and various government officials have committed gross negligence, breach of contract, First Amendment violations, and breach of oath by failing to prevent "incitement to imminent lawlessness" by "Radical Islamic Terrorists." Compl. at 6–7, ECF No. 1. The case was referred to Magistrate Judge Patricia T. Morris. ECF No. 3. On February 24, 2017, Judge Morris issued a report recommending that the case be dismissed sua sponte because Levay does not have standing. ECF No. 7. Levay then filed 28 pages of objections wherein he challenges virtually every aspect of Judge Morris's report and recommendation. For the following reasons, those objections will be overruled and Levay's complaint will be dismissed.

**I.**

In his complaint, Levay explains that "there have been a high and increasing number of Islamic motivated violent acts targeting Jews and our places of worship." Compl. at 5, ECF No. 1. Levay is a Jew and contends that the "incitement to imminent violence" found in the Quran

and "cited by ISIS, Al Qaeda" and others has deprived Levay of "the freedom of religious expression." *Id.*

Levay provides an extensive list of requested relief. He wishes the Court to hold that "specific Koranic verses, presented during the trial, fail the Imminent Lawlessness Test." *Id.* at 6. He also intends to prove a "direct link to specific Koranic verses extolling among specific Radical Islamic Terrorists as the underlying motive, cause and essential 'but for' for 74 specific Radical Islamic Terrorist attacks within the US." *Id.* He desires a "formal declaration of incompatibility between Koranic Sharia Law . . . and US Constitutional Law." *Id.* at 7. He also asks that the Court direct Congress to take action by outlawing certain passages of the Quran, issue a federally sanctioned and edited Koran, and withdraw tax-exempt status from mosques which do not adopt the new Quran, and institute a "National Islamic Registry Program."

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**III.**

Rather than individually addressing Levay's 28 pages of objections, his complaint will be reviewed de no. This suit is frivolous and will be dismissed.

First, Levay lacks standing to bring this suit. Levay's suit seeks relief for the threat of violence that Islamic extremism poses to him and his community. But he does not allege injury to him personally, or an imminent, particularized threat of future injury. *See Sierra Club v. Morton*, 405 U.S. 727, 735 (1972) (holding that standing "requires that the party seeking review be himself among the injured"). Even if Levay did allege an actionable injury, the Court does not have the authority to direct Congress to legislate on an issue, much less vanquish the specter of religiously-motivated violence. *See Smith & Lee Assocs., Inc. v. City of Taylor, Mich.*, 102 F.3d 781, 797 (6th Cir. 1996) (explaining that federal courts do not have the power to order Congress

to enact legislation). And, more fundamentally, Levay's requests for a state-issued Koran, a national registry of Muslims, and financial sanctions for rogue mosques offend basic constitutional principles. The First Amendment forbids Congress from making a law "respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const., Am. I.

Levay does not have standing to bring suit and requests remedies which violate the Constitution. Accordingly, his objections will be overruled, Judge Morris's report and recommendation will be adopted, and his complaint will be sua sponte dismissed.[1]

### IV.

Accordingly, it is **ORDERED** that Plaintiff Levay's objections, ECF No. 10, are **OVERRULED.**

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 7, is **ADOPTED.**

It is further **ORDERED** that Plaintiff Levay's request for leave to file electronically, ECF No. 11, is **DENIED.**

It is further **ORDERED** that Plaintiff Levay's complaint, ECF No. 1, is **DISMISSED.**

It is further **ORDERED** that Plaintiff Levay may not appeal in forma pauperis because the Court **CERTIFIES** that no appeal could be taken in good faith, *see* 28 U.S.C. § 1915(a)(3).

Dated: July 11, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[1] Levay has also requested leave from the Court to file documents on the docket electronically. ECF No. 11. Because his case will be dismissed and because Levay's filings have been frivolous, that request will be denied.

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2017.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager