UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSS LEVAY,

        Plaintiff,                    Case No. 17-cv-10517

v.                                        Honorable Thomas L. Ludington

UNITED STATES, et al,

        Defendants.

_____/

**ORDER DENYING MOTION TO AMEND JUDGMENT**

On February 17, 2017, Plaintiff Ross Levay filed a complaint alleging that the United States and various government officials have committed gross negligence, breach of contract, First Amendment violations, and breach of oath by failing to prevent "incitement to imminent lawlessness" by "Radical Islamic Terrorists." Compl. at 6–7, ECF No. 1. The case was referred to Magistrate Judge Patricia T. Morris. ECF No. 3. On February 24, 2017, Judge Morris issued a report recommending that the case be dismissed sua sponte because Levay lacks standing. ECF No. 7. Levay objected to effectively every aspect of Judge Morris's report and recommendation. ECF No. 10. Rather than individually addressing each objection, the Court reviewed Levay's complaint de novo (meaning with no deference to Judge Morris's findings) and independently concluded that Levay's suit was frivolous and would be dismissed. ECF No. 14. On July 21, 2017, Levy filed a "Motion to Amend Judgment." ECF No. 16. In the motion, Levay makes three requests: individually address each of his five objections, amend the previous order to remove the holding that the suit is "frivolous," and reconsider the previous refusal to allow Levay to appeal in forma pauperis. For the following reasons, that motion will be denied.

**I.**

As summarized in the July 11, 2017, opinion and order:

> In his complaint, Levay explains that "there have been a high and increasing number of Islamic motivated violent acts targeting Jews and our places of worship." Compl. at 5, ECF No. 1. Levay is a Jew and contends that the "incitement to imminent violence" found in the Quran and "cited by ISIS, Al Qaeda" and others has deprived Levay of "the freedom of religious expression." *Id.*
>
> Levay provides an extensive list of requested relief. He wishes the Court to hold that "specific Koranic verses, presented during the trial, fail the Imminent Lawlessness Test." *Id.* at 6. He also intends to prove a "direct link to specific Koranic verses extolling among specific Radical Islamic Terrorists as the underlying motive, cause and essential 'but for' for 74 specific Radical Islamic Terrorist attacks within the US." *Id.* He desires a "formal declaration of incompatibility between Koranic Sharia Law . . . and US Constitutional Law." *Id.* at 7. He also asks that the Court direct Congress to take action by outlawing certain passages of the Quran, issue a federally sanctioned and edited Koran, and withdraw tax-exempt status from mosques which do not adopt the new Quran, and institute a "National Islamic Registry Program."

July 11, 2017, Op. & Order at 1–2, ECF No. 14.

The Court found that Levay's suit was frivolous for the following reasons:

> First, Levay lacks standing to bring this suit. Levay's suit seeks relief for the threat of violence that Islamic extremism poses to him and his community. But he does not allege injury to him personally, or an imminent, particularized threat of future injury. *See Sierra Club v. Morton*, 405 U.S. 727, 735 (1972) (holding that standing "requires that the party seeking review be himself among the injured"). Even if Levay did allege an actionable injury, the Court does not have the authority to direct Congress to legislate on an issue, much less vanquish the specter of religiously-motivated violence. *See Smith & Lee Assocs., Inc. v. City of Taylor, Mich.*, 102 F.3d 781, 797 (6th Cir. 1996) (explaining that federal courts do not have the power to order Congress to enact legislation). And, more fundamentally, Levay's requests for a state-issued Koran, a national registry of Muslims, and financial sanctions for rogue mosques offend basic constitutional principles. The First Amendment forbids Congress from making a law "respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const., Am. I.

*Id.* at 3–4.

## II.

Levay's present motion is effectively a motion for reconsideration of the Court's previous order. Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also* Bowens v. Terris, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

Levay's motion could also be construed as a request for relief under Federal Rule of Civil Procedure 59(e). That Rule allows a party to file a "motion to alter or amend a judgment." *Id.* Motions under Rule 59(e) may be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). If a party is effectively attempting to "'re-argue a case' . . . the district court may well deny the Rule 59(e) motion on that ground." *Id.* (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Likewise, a Rule 59(e) motion is not an appropriate vehicle to "'submit evidence which could have been previously submitted in the exercise of reasonable

diligence.'" *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Industries, Inc. v. Ford Motor Company*, 175 F.R.D. 251, 254 (E.D. Mich. 1997)).

**III.**

Because there was no error in the opinion and order dismissing his complaint, Levay's motion will be denied. Each of his requests will be addressed in turn. First, Levay asks the Court to "[i]ndividually address of the five objections" he previously submitted. Mot. Am. at 1, ECF No. 16. In reality, Levay filed much more than five objections to Judge Morris's report and recommendation. For example, his "first objection" includes five subsections and spans 9 pages. *See* Objs, ECF No. 10. Levay now faults the Court for not specifically addressing each argument made in his 28 pages of objections. Rather than exhaustively addressing the objections, the Court opted to simply review Levay's entire complaint de novo. Levay implicitly challenges that approach, asserting: "If there is any flaw in my *objections*, not the initial complaint, please say so." Mot. Am. at 1 (emphasis in original). But that argument misconstrues Levay's burden. Levay must providewell-pleaded factual allegations in the *complaint* which establish that his right to relief rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Levay's complaint, not his objections, are the operative pleading in this matter and thus must meet federal pleading standards. *See* Federal Rules of Civil Procedure 7(a) & 8(a). In the July 11, 2017, opinion and order, the Court found that "Levay does not have standing to bring suit and requests remedies which violate the Constitution." July 11, 2017, Op. & Order at 4. Although not specifically addressed, none of Levay's objections would have changed that analysis. For purposes of clarity, the three renewed objections which Levay presents in his motion to amend will be addressed.

## A.

First, Levay contends that he has sufficiently alleged an injury which gives rise to standing because he has experienced "fear-based and chill-effect injuries [to his] right to free-exercise." Mot. Am. at 2. Levay repeatedly contends that religious terrorism has had a "chill-effect" on his "own Free-Exercise rights," but does not specifically explain what impact the threat of religious terrorism has had on his behavior. Objs. at 2. He asks in his objections whether "a credible threat of attack on places of worship, based on a pattern of actual recent occurrences, [would] make one think twice about attending places of religious worship? Would a reasonable person, [sic] consider just staying home instead of bringing their child to a place of worship?" *Id.* But those questions fall short of actually demonstrating that Levay's own right of free exercise has been impacted by religious terrorism.

The landmark Supreme Court case on "fear-based" standing is *Laird v. Tatum*, 408 U.S. 1, 13 (1972). In *Laird*, the plaintiffs were challenging the Army's "alleged 'surveillance of lawful and peaceful civilian political activity.'" *Id.* at 3. The Court explained that an individual's fear that an "agency might in the future take some other and additional action detrimental to that individual" does in some cases create a "chilling effect" that can give rise to standing. *Id.* at 11. But, the Supreme Court explained, in all cases where standing existed "the challenged exercise of governmental power was regulatory, proscriptive, or compulsory in nature, and the complainant was either presently or prospectively subject to the regulations, proscriptions, or compulsions that he was challenging." *Id.* The Supreme Court found that the plaintiffs in *Laird* had not adequately alleged an injury that could give rise to standing. The Court explained that the plaintiffs'

> alleged 'chilling' effect may perhaps be seen as arising from respondents' very perception of the system as inappropriate to the Army's role under our form of

> government, or as arising from respondents' beliefs that it is inherently dangerous for the military to be concerned with activities in the civilian sector, or as arising from respondents' less generalized yet speculative apprehensiveness that the Army may at some future date misuse the information in some way that would cause direct harm to respondents.

*Id.* at 13.

"Fear-based" injury of that sort was insufficient to create standing: "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm; 'the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.'" *Id.* at 13–14 (quoting *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947).

The fear-based injury which Levay alleges here is analogous to the injury alleged in *Laird*. Levay repeatedly establishes his generalized fear that he or his loved ones may be victims of religiously-motivated violence. But he has provided no examples of specific harm or impact that the threat of religious violence has actually inflicted on him, personally. Nor are there any plausible, well-pleaded allegations in the complaint which would support a finding that objective harm to Levay is imminent. Rather, Levay's fear is manifestly subjective and thus, as explained in *Laird*, insufficiently specific to give rise to standing.

**B.**

Levay next argues that this Court has authority to provide Levay the remedies he seeks because "the judiciary has usurped and taken over Congress's legislative role, *even conferred constitutional rights*, bypassing the amendment procedure. Mot. Am. at 2 (emphasis in original). Simply put, that is not true. The Sixth Circuit has expressly addressed this issue:

> Federal Courts do have jurisdiction and power to pass upon the constitutionality of Acts of Congress, but we are not aware of any decision extending this power in Federal Courts to order Congress to enact legislation. To do so would constitute encroachment upon the functions of a legislative body and would violate the time-

> honored principle of separation of powers of the three great departments of our Government. This principle is equally applicable to the power of a Federal Judge to order a state legislative body to enact legislation. The enactment of legislation is not a ministerial function subject to control by mandamus, prohibition or the injunctive powers of a court.

*Smith & Lee Assocs., Inc. v. City of Taylor, Mich.*, 102 F.3d 781, 797 (6th Cir. 1996) (quoting *Joseph Skillken & Co. v. City of Toledo*, 528 F.2d 867, 878 (6th Cir. 1975)).

In his complaint, Levay requests relief which far exceeds the constitutional powers of this or any other federal court. Unlike in the examples he cites, where federal courts overturned federal statutes as incompatible with the Constitution, Levay asks this Court to direct Congress to outlaw certain passages of the Quran, issue a federally sanctioned Quran, withdraw tax-exempt status from mosques which do not adopt the new Quran, and institute a National Islamic Registry Program. *See* Compl. at 6–8. The Court has no authority to order Congress to take action. The very fact that Levay's proposed remedy involves congressional action makes clear that this Court has no authority to provide the remedy sought.

## C.

Even if the Court had authority to direct Congress to take action, the remedies which Levay requests would violate the Constitution. Levay argues that his proposed remedies do not violate the Establishment and Free Exercise Clauses of the First Amendment because "[a] religious belief system cannot be greater than the law of the land, the US Constitution." Mot. Am. at 2. But, to the contrary, the Constitution prohibits the federal government from singling out a particular religion for hostile treatment. *See Lynch v. Donnelly*, 465 U.S. 668, 673 (1984) (explaining that the Constitution "affirmatively mandates accommodation, not merely tolerance, of all religions, and forbids hostility towards any"). Levay argues that violence committed under the guise of religion should not be protected by the Constitution. But he is not requesting the

> honored principle of separation of powers of the three great departments of our Government. This principle is equally applicable to the power of a Federal Judge to order a state legislative body to enact legislation. The enactment of legislation is not a ministerial function subject to control by mandamus, prohibition or the injunctive powers of a court.

*Smith & Lee Assocs., Inc. v. City of Taylor, Mich.*, 102 F.3d 781, 797 (6th Cir. 1996) (quoting *Joseph Skillken & Co. v. City of Toledo*, 528 F.2d 867, 878 (6th Cir. 1975)).

In his complaint, Levay requests relief which far exceeds the constitutional powers of this or any other federal court. Unlike in the examples he cites, where federal courts overturned federal statutes as incompatible with the Constitution, Levay asks this Court to direct Congress to outlaw certain passages of the Quran, issue a federally sanctioned Quran, withdraw tax-exempt status from mosques which do not adopt the new Quran, and institute a National Islamic Registry Program. *See* Compl. at 6–8. The Court has no authority to order Congress to take action. The very fact that Levay's proposed remedy involves congressional action makes clear that this Court has no authority to provide the remedy sought.

## C.

Even if the Court had authority to direct Congress to take action, the remedies which Levay requests would violate the Constitution. Levay argues that his proposed remedies do not violate the Establishment and Free Exercise Clauses of the First Amendment because "[a] religious belief system cannot be greater than the law of the land, the US Constitution." Mot. Am. at 2. But, to the contrary, the Constitution prohibits the federal government from singling out a particular religion for hostile treatment. *See Lynch v. Donnelly*, 465 U.S. 668, 673 (1984) (explaining that the Constitution "affirmatively mandates accommodation, not merely tolerance, of all religions, and forbids hostility towards any"). Levay argues that violence committed under the guise of religion should not be protected by the Constitution. But he is not requesting the

criminalization of religiously-motivated violence (because, of course, any crimes committed will be prosecuted regardless of whether they were religiously motivated or not). Rather, Levay is requesting, among other things, that the Court rewrite the Muslim holy book. It is difficult to imagine greater government entanglement with religion.

IV.

For the reasons provided above and in the July 11, 2017, opinion and order, Levay's suit is frivolous. His legal theory is manifestly foreclosed by settled law. As such, no appeal could be taken in good faith and Levay will not be granted leave to appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(3). Levay's requests to certify the suit as non-frivolous and grant him leave to proceed in forma pauperis will be denied.

IV.

Accordingly, it is **ORDERED** that Plaintiff Levay's Motion to Amend, ECF No. 16, is **DENIED.**

Dated: August 16, 2017               s/Thomas L. Ludington
                                     THOMAS L. LUDINGTON
                                     United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 16, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager