UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSS LEVAY,

               Plaintiff,                        Case No. 17-cv-10517

v.                                                     Honorable Thomas L. Ludington

UNITED STATES, et al,

               Defendants.

_____/

**ORDER DENYING MOTION FOR DE NOVO REVIEW AND TO FILE AMENDED COMPLAINT**

On February 17, 2017, Plaintiff Ross Levay filed a complaint alleging that the United States and various government officials have committed gross negligence, breach of contract, First Amendment violations, and breach of oath by failing to prevent "incitement to imminent lawlessness" by "Radical Islamic Terrorists." Compl. at 6–7, ECF No. 1. The case was referred to Magistrate Judge Patricia T. Morris. ECF No. 3. On February 24, 2017, Judge Morris issued a report recommending that the case be dismissed sua sponte because Levay lacks standing. ECF No. 7. Levay objected to effectively every aspect of Judge Morris's report and recommendation. ECF No. 10. Rather than individually addressing each objection, the Court reviewed Levay's complaint de novo (meaning with no deference to Judge Morris's findings) and independently concluded that Levay's suit was frivolous and would be dismissed. ECF No. 14. On July 21, 2017, Levy filed a "Motion to Amend Judgment." ECF No. 16. On August 16, 2017, the Court denied that motion. ECF No. 17. Several weeks later, Levay filed a "Motion for De Novo Retrial and Resubmission of Amended Complaint." ECF No. 18. In the motion, Levay takes issues with numerous aspects of the Court's previous orders. Although it is unclear exactly what relief Levay

requests, it appears he seeks 1) de novo review of his case and 2) leave to file an amended complaint. He also appears to seek transfer to the Western District of Michigan, citing an adversarial relationship with this Court. In effect, Levay is seeking reconsideration of the Court's previous orders.

**I.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also* Bowens v. Terris, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**II.**

In Levay's ten-page motion he repackages and recharacterizes arguments already made by him and rejected by the Court. First, he argues that the Court has dismissed his case without providing him any opportunity to present evidence. Levay misunderstands. In the Court's prior orders, the Court assumed that all allegations in Levay's complaint (and accompanying briefs) were true. But, as previously explained, even taking those allegations as true, Levay has only identified a generalized injury. Federals Courts do not possess authority to adjudicate cases


involving injuries of that nature. *See Sierra Club v. Morton*, 405 U.S. 727, 735 (1972). Article III, § 2 of the U.S. Constitution limits federal court jurisdiction to "Cases" and "Controversies." The doctrine derived from Art. III, § 2 imposes the requirement of standing: federal jurisdiction exists only if the dispute is one "which [is] appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

Now, Levay argues that his "fear based or chill-effect claim" should suffice to establish standing. Mot. De Novo Rev. at 2, ECF No. 18. That kind of theory was rejected by the Supreme Court is *Laird v. Tatum*, 408 U.S. 1, 13 (1972). The Court has no reason to doubt that Levay possesses a subjective fear of violence, but more is required for standing to exist. And because standing is a legal requirement, the Court (and not a jury) determines whether it is present.

Levay alternatively argues that he has alleged a "threat of specific future harm." Mot. De Novo Rev. at 2. He identifies that harm as stemming from "a doctrine, which as a whole, advocates for and incites ethno-religious genocide, with evidence of a trend of drastic success globally, and infiltration of the Muslim Brotherhood within the federal government." *Id.* This allegation is not facially plausible. But even assuming it to be true, Levay has not identified a link between that global conspiracy and a specific and reasonably imminent threat of violence to him personally.

Next, Levay challenges the Court's indication that Levay's requested relief surpasses the judiciary's constitutionally delegated power. He argues that, when Congress and the presidency have been infiltrated by a foreign enemy, the courts must declare their acts "treasonous" and order "accountability." *Id.* at 3.

In *Hein v. Freedom From Religion Found., Inc.*, the Supreme Court confirmed the long-standing doctrine that "the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government." 551 U.S. 587, 593 (2007). In other words,

a United States citizen cannot challenge an action by a branch of the federal government as unconstitutional without explaining how that allegedly unconstitutional action directly and personally impacted him or her. That direct link is missing in Levay's suit.

Because Levay has not plausibly alleged a "case" or "controversy" which is appropriately resolved through judicial process, Article III, § 2 of the United States Constitution prohibits the Court from exercising jurisdiction over this suit. For the reasons stated in the Court's prior orders and rearticulated in this order,[1] Levay's motion for de novo review and for leave to file a new complaint will be denied. Because no court would have standing to adjudicate Levay's suit, his request for a transfer will likewise be denied. If Levay believes he is entitled to relief, his recourse is appeal to the Sixth Circuit.

Accordingly, it is **ORDERED** that Plaintiff Levay's motion for de novo retrial and for leave to file an amended complaint, ECF No. 18, is **DENIED.**

Dated: May 7, 2018                               s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 7, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---

[1] Levay also argues in his present motion that the Supreme Court has repeatedly sanctioned limits on religious practice. He argues that practicing Muslims are inciting violence under the guise of religion and that such behavior should not be protected by the Constitution. As the remedy for that behavior, Levay requests that the Court issue a state-sponsored Koran, create a national registry of Muslims, and impose financial sanctions on "rogue" mosques. Levay misunderstands the scope of the Constitution's protections. If a group incites violence, they may and will be prosecuted for the resulting violence regardless of whether the incitement was religiously motivated. But the Constitution prohibits Congress or the Courts from affirmatively limiting religious practice in an uncertain attempt to prevent future incitement to violence. In other words, the constitutional remedies which Levay seeks already exist and so a court order granting those remedies would be redundant. To the extent he seeks remedies which do not already exist, those remedies are unconstitutional.